*E-filed on*: 8/10/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REHAN SHEIKH<br><br>  Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC, RODRIGUEZ AND DOES 1-20<br><br>  Defendants. | No. C-07-00262 RMW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT<br><br>**[Re Docket No. 34]** |

   On June 13, 2007 the court issued an order denying plaintiff's motion to remand on the basis that plaintiff's claims arise out of the administration of an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and, therefore, were preempted by ERISA.  *See Clorox Co. v. United States Dist. Court*, 779 F.2d 517, 521 (9th Cir. 1985) (ERISA preempts claims that arise out of the administration of a covered plan, where a plaintiff claims that the employer wrongfully and maliciously denied employment benefits.).

   Plaintiff argues that reconsideration is warranted based on new facts since the court's order issued.  Specifically, he submits that his long-term benefits were recently granted and, therefore,

1  long-term benefits are no longer an issue in the action.  In addition, plaintiff claims that he had

2  previously "agreed with defendant, via its agent Unum Provident, to give up his rights to bring an

3  ERISA claim until reassessment of his claim was completed."[1]  *See* Pl.'s Req. at 2:5-7; 14-17; Decl.

4  Rehan Sheikh Supp. Req., Ex. J.  Plaintiff intends to amend his complaint to remove ERISA claims

5  for benefits or retaliation based on long-term disability benefits.

6        Plaintiff submits that his remaining claims do not implicate ERISA.  Plaintiff represents that

7  his remaining claims involve defendant's administration of his state short-term disability benefits

8  and workers' compensation benefits.  Plaintiff indicates that, upon appeal with the state agency, a

9  judge determined that plaintiff was eligible for short-term disability benefits.  Further, his claim for

10  worker's compensation benefits is pending before the Worker's Compensation Appeals Board.  In

11  addition, he will be asserting a discrimination claim based on events that took place during the

12  course of his employment with defendant prior to the termination of his benefits and not based on

13  the termination of his benefits.

14        A motion for reconsideration may be based on "[t]he emergence of new material facts"

15  occurring after the time the order was issued.  Civil L.R. 7-9(b)(2).  Here, plaintiff informs the court

16  that his long-term disability benefits have since been paid.  However, the fact that plaintiff's long-

17  term disability benefits have since been paid does not necessarily mean that there can be no ERISA

18  preemption, for example, if the alleged discriminatory conduct nevertheless involves the

19  administration of benefits under an ERISA plan.  Here, the court's June 13, 2007 Order Denying

20  Plaintiff's Motion to Remand was based on plaintiff's current operative complaint, which alleges

21  discrimination stemming from the administration of his long-term disability benefits pursuant to an

22  ERISA plan.  Although plaintiff submits that he intends to file an amended complaint, no amended

23  complaint (or motion for leave to file an amended complaint) has been filed.  As such, the court does

24  not find a motion for reconsideration of the June 13, 2007 Order proper.

25

---

26  [1] Plaintiff indicates that the initial denial of his long-term disability benefits was reassessed by Unum Provident, the benefits provider, as part of a reassessment of denials pursuant to
27  insurance regulations.  Unum Provident offered plaintiff, and plaintiff accepted, the opportunity to participate in the reassessment process in February 2005.  Plaintiff agreed not to file a lawsuit until
28  the reassessment was completed.

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING LEAVE TO FILE
AN AMENDED COMPLAINT—No. C-07-00262 RMW
SPT       2

Nevertheless, the court agrees that plaintiff's claims, if amended as represented in his motion for leave to file a motion for reconsideration, might not be preempted by ERISA. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988) (holding that no ERISA preemption exists when the loss of benefits are a consequence of, and not a motivating factor behind, the termination of benefits). In particular, plaintiff represents that his remaining claims involve only state-based benefits and purported discrimination based on events not involving the administration of his long-term benefits claim. Accordingly, the court grants plaintiff leave to file an amended complaint.[2] Defendant does not object to plaintiff's filing of an amended complaint. Plaintiff's amended complaint must be filed by August 31, 2007.

DATED:      8/10/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Plaintiff indicates in his motion for leave to file a motion for reconsideration that he intends to file an amended complaint either by stipulation or through leave of court.

1 | **A copy of this order was mailed on** _____ **to:**

**Counsel for Plaintiff:**

Rehan Sheikh (Pro Se)
P.O. Box 869
French Camp, CA 95231
(209) 982-9039

**Counsel for Defendant:**

Marlene S. Muraco
Littler Mendelson
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
(408) 998-4150

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**DATED**:  8/10/07                                    _____SPT_____
                                                **Chambers of Judge Whyte**

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT—No. C-07-00262 RMW
SPT                                                          4