MARLENE S. MURACO, Bar No. CA 154240
mmuraco@littler.com
ERICA H. KELLEY, Bar No. 221702
ekelley@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
Telephone:   408.998.4150
Facsimile:   408.288.5686

Attorneys for Defendant
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REHAN SHEIKH,<br><br>        Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.  C07-00262 RS<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND REMOVED ACTION TO STATE COURT**<br><br>Date:   May 23, 2008<br>Time:   9:00 a.m.<br>Dept.:   6<br>Judge:  Hon. Ronald M. Whyte |

## I. INTRODUCTION AND STATEMENT OF ISSUE TO BE DECIDED

Plaintiff's motion to remand must be denied because his Second Amended Complaint (SAC) merely changes the phrase "long term disability benefits" to "employment benefits", thus Plaintiff's allegation that Defendant engaged in a "pattern of denying, and/or exercising influence to ensure denial of employment benefits causing extended delays in the processing of such benefits" can mean nothing other than his ability to collect short and long-term disability benefits under an ERISA governed plan and thus his claims are still subject to federal jurisdiction. (SAC, ¶ 12.) Under the U.S. Supreme Court's decisions in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987) and *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, (2004), federal jurisdiction exists over the preempted claims. Thus this Court should deny Plaintiff's second motion for remand.

## II. FACTS

### A. The Procedural History.

Plaintiff filed his original Complaint on May 16, 2006 in the Superior Court of California, County of Santa Clara. (See Notice of Removal of Action, Exh. A.) Plaintiff served the Summons and Complaint on Defendant on December 14, 2006. (See Plaintiff's Motion to Remand Removed Action To State Court, Exh. B [sic].) In his original Complaint, Plaintiff alleged that Cisco engaged in a "pattern of denying, and/or exercising influence to ensure denials of, both Short Term Disability (STD) benefits and Long Term Disability (LTD) benefits to Sheikh." (Original Complaint, ¶ 11.) Plaintiff alleged a violation of the California Fair Employment and Housing Act (FEHA), breach of Defendant's contract to pay STD and LTD benefits, and breach of the implied covenant of good faith and fair dealing. (Original Complaint, ¶¶ 20-34.) Defendant timely filed a general denial and its affirmative defenses and then, because its LTD Plan is an ERISA plan, removed the action to this court on Tuesday, January 16, 2007 on the basis of ERISA preemption. (See Notice of Removal of Action, Exh. B.)

Plaintiff filed his first Motion to Remand on April 6, 2007, which was denied by this Court on June 11, 2007.[1] The Court's Order states, in pertinent part, as follows:

---

[1] Defendant requests that the Court take judicial notice of its June 11, 2007 "Order Denying Plaintiff's Motion To

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-00262 RS)  1.  DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

> Plaintiff submits that remand is proper because he has alleged only state claims. Defendant argues that removal is proper because, although plaintiff frames his claims as state claims, they are in substance federal claims preempted by ERISA. A plaintiff cannot defeat removal of a federal claim by 'artfully pleading' it as a state claim. *Rivet v. Regions Bank of La.*, 22 U.S. 470, 475 (1998). The artful pleading doctrine allows removal where federal laws such as ERISA completely preempt a plaintiff's state law claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). "The court may examine the entire record to determine if the real nature of [a] claim is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by 'artful pleading' attempted to defeat defendant's right to a federal forum." *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188 (N.D.Cal. 1997).
>
> * * *
>
> Plaintiff argues that ERISA does not preempt state law claims alleged against a non-cooperating employer for retaliation. Cisco contends that Sheikh's allegations of extended delays in the processing of benefits are claims that "relate to" the administration of an ERISA plan, even though he frames the conduct as retaliatory.
>
> ERISA preempts claims that arise out of the administration of a covered plan, where a plaintiff claims that the employer wrongfully and maliciously denied employment benefits. *Clorox Co. v. United States Dist. Court*, 779 F.2d 517, 521 (9th Cir. 1985). On the other hand, no ERISA preemption exists when the loss of benefits are a consequence of, and not a motivating factor behind, the termination of benefits. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988).
>
> Here, Sheikh's claims revolve around allegations of Cisco's handling of benefits claims. He refers to "benefits" several times in his complaint. His allegations concern Cisco's procedural handling of his claims for benefits pursuant to Cisco's employment benefit plans. Although he frames the procedural handling as conduct tantamount to discrimination, essentially his grievance is that Cisco did not timely pay him benefits in the expected amount.

(Court's June 13, 2007 Order, p. 2-4.)

Following the denial of his motion for remand, Plaintiff filed a First Amended Complaint and then on July 13, 2007, Plaintiff filed a Motion for Reconsideration based on the fact that he was no longer trying to recoup long-term disability payments – the provider (Unum Provident) having reassessed its previous denial of his claim and granted him long-term disability

---

Remand Action To State Court," (hereinafter referred to as the "Court's June 13, 2007 Order") and of the other court orders referenced herein..

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

benefits. The Court denied Plaintiff's request for reconsideration holding, in pertinent part, as follows:

> Here, plaintiff informs the court that his long-term disability benefits have since been paid. However, the fact that plaintiff's long-term disability benefits have since been paid does not necessarily mean that there can be no ERISA preemption, for example, if the alleged discriminatory conduct nevertheless involves the administration of benefits under an ERISA plan. Here, the court's June 13, 2007 Order Denying Plaintiff's Motion to Remand was based on plaintiff's current operative complaint, which alleges discrimination stemming from the administration of his long-term disability benefits pursuant to an ERISA plan. Although plaintiff submits that he intends to file an amended complaint, no amended complaint...has been filed. As such, the court does not find a motion for reconsideration of the June 13, 2007 Order proper.

(Court's August 10, 2007 Order Denying Motion For Leave To File A Motion For Reconsideration And Granting Leave To File An Amended Complaint (hereinafter referred to as the "Court's August 10, 2007 Order", p. 2.) The Court did, however, give Plaintiff leave to amend his complaint yet again.

On August 31, 2007, Plaintiff filed his Second Amended Complaint. Although the SAC no longer expressly references Plaintiff's long-term disability benefits, he simply substituted a more generic reference to "benefits" throughout the document. (Muraco Dec., ¶¶ 2, 5, and Exhibit A thereto.) For example, paragraph 11 of the First Amended Complaint stated "Thereafter, CISCO engaged in a pattern of denying, and/or exercising influence to ensure denials of, both **Short Term Disability (STD) benefits and Long Term Disability (LTD) employment benefits, medical reimbursements and workers' compensation** to SHEIKH by causing extended delays in the processing of such benefits, and recommending to the insurance companies, Magellan Health and Unum Provident Corporation, that they deny such benefits." In the SAC, that paragraph was revised to state: "Thereafter, CISCO engaged in a pattern of denying, and/or exercising influence to ensure denials of, **employment benefits**, causing extended delays in the processing of such benefits." (Muraco Dec., ¶ 2, and Exh. A, p. 3, thereto.)

Defendant filed an Answer to the SAC on September 13, 2007. On October 18, 2007, Plaintiff asked Defendant whether it would agree to remand his complaint to state court now that he had "removed references to LTD/ERISA issues..." (Muraco Decl., ¶ 4, and Exhibit B thereto.)

Defendant responded that since Plaintiff had "simply substituted in references to 'benefits'" for the previous references to "LTD benefits," it would not stipulate that remand was proper. (Muraco Decl., ¶ 5, and Exh. B thereto.) On February 14, 2008, Plaintiff filed a second motion to remand to state court, but failed to set the matter for a hearing. On April 7, 2008, Defendant filed a motion to compel arbitration, setting the motion for hearing on May 16, 2008. Defendant's motion (which referenced Plaintiff's second motion to remand) brought the instant remand motion to the Court's attention. Accordingly, the Court issued an order on April 8, 2008 establishing a briefing schedule for both Plaintiff's second motion to remand and Defendant's petition to compel arbitration and setting the hearing on both motions for May 23, 2008.

B. **Plaintiff's Allegations in the Complaint.**

As noted above, Plaintiff's Second Amended Complaint is substantially similar to his First Amended Complaint – the primary difference being that the Complaint now refers to the more generic term "employment benefits" rather than the term "LTD benefits".[2]

Plaintiff began his employment with Cisco in 2000. (SAC ¶ 7.) In September 2003, Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing. (SAC ¶ 10.) Plaintiff's SAC still alleges that Defendant thereafter "engaged in a pattern of denying, and/or exercising influence to ensure denials of, *employment* benefits causing extended delays in the processing of such benefits." (SAC ¶ 12 [emphasis added].) Plaintiff's complaint further alleges Breach of Contract claims that "Defendant promised Plaintiff would be paid the value of his *employment* benefits without delay and in full." (SAC ¶ 49 [emphasis added].) He further alleges that Cisco breached the agreements by "failing to ensure he was paid the value of his benefits, failed to ensure cooperation with the insurance companies to have benefits paid, and by violating its own descriptions of such benefits." (SAC ¶ 50.) Significantly, the SAC still references the EEOC charge of discrimination Plaintiff filed against Defendant in late 2004 (EEOC Charge No. 377-1005-00112), along with the Right to Sue letter Plaintiff received in connection with that charge. (SAC ¶¶ 13-14.) That charge, a copy of which is attached hereto as Exhibit A, is clearly premised upon Plaintiff's

---

[2] Defendant has prepared a red-lined version of Plaintiff's First Complaint to clearly identify the changes made in the Second Amended Complaint at issue. (Declaration of Marlene Muraco, ¶ 2, Exh. A.)

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-00262 RS) 4. DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

belief that Defendant was interfering with his ability to obtain his long-term benefits in retaliation for his having filed a previous charge of discrimination.[3]

Cisco's Long Term Disability plan, effective in 2003 and 2004, is provided through Unum Life Insurance Company of America. (*See* Notice of Removal of Action, Exh. C.) Cisco is the Plan Sponsor and Plan Administrator of the Disability Plan. The Long Term Disability plan expressly states in the plan summary that it is governed by ERISA. (*Id.*)

### III. LEGAL ANALYSIS

#### A. The Court Has Jurisdiction Over Plaintiff's Claims Because They Are Preempted By ERISA.

Despite this Court's August 10, 2007 order, Plaintiff's second motion to remand continues to assert that it was unreasonable for Defendant to remove this case to federal court because "Plaintiff had clearly stated that the claim is not for the recovery of LTD benefits." (Plt.'s Second Motion to Remand Case to State Court, pg. 3:21.) Although Plaintiff deleted reference to "LTD" and replaced it with "employment," his attempt at "artful pleading" to avoid federal jurisdiction, must fail.

##### 1. The "Artful Pleading" Doctrine Allows The Court To Look Past The Labels Plaintiff Has Attached To His Claims.

A plaintiff cannot avoid federal jurisdiction by "artfully pleading" his or her complaint to conceal the true nature of an action that actually asserts a federal claim under ERISA. *Clorox Company v. U.S. Dist. Ct. for Northern Dist. of California*, 779 F.2d 517, 521 (9th Cir. 1984). "The 'artful-pleading' doctrine 'allows the removing court to look to the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action by relying solely on state law in the complaint.'" *Lyster v. First Nationwide Bank Financial Corp.*, 829 F.Supp. 1163, 1167 (N.D. Cal. 1993) (citing *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984.)

---

[3] For example, that EEOC charge complains that Defendant had denied him Long-Term Disability and was "withholding disability...benefits in retaliation for [his] complaint of discrimination." The charge further complains that Defendant retaliated against Plaintiff by providing him with "lower reimbursement rates for [his] physician and psychotherapist visits" and had "denied [him] some reimbursements in violation of the terms given in the Summary Plan Description (SPD)."

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-00262 RS)     5.     DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

As stated in *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988):

> Plaintiffs may not avoid removal by "artfully pleading" their claims to omit reference to preemptive federal law. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987). Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and "supplants" the state claim with a federal claim. *Young [ v. Anthony's Fish Grottos, Inc.]*, 830 F.2d 993, 996-97 (9th Cir. 1987).

Significantly, "the court may examine the <u>entire record</u> to determine if the real nature of [a] claim is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by 'artful pleading,' attempted to defeat defendant's right to a federal forum." *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188 (N.D. Cal. 1997). Thus, it is proper to look outside the four corners of Plaintiff's Complaint "to clarify the action which plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983); *Olquin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1473 (9th Cir. 1984).

In the instant case, Plaintiff has clearly attempted to thwart the proper jurisdiction of this Court by artful pleading. Plaintiff's complaint alleges that Cisco "engaged in a pattern of denying, and/or exercising influence to ensure denials of *employment* benefits causing extended delays in the processing of such benefits." (SAC ¶ 12 [emphasis added].) Based on the fact that Plaintiff's prior complaints specifically allege that the "benefits" identified related to "Long Term Disability" and "Short Term Disability" payments, Plaintiff's claims are still preempted. Further, Plaintiff's contract claims specifically allege that Defendant both breached the contract "by failing to ensure he was paid the value of his benefits [and] failing to ensure cooperation with the insurance companies to have benefits paid..." and Defendant **"interfere[ed] with the swift and final payment of benefits to Plaintiff from his** Workers' Compensation, medical reimbursements, Short Term Disability and **Long Term Disability insurance plan**s." (SAC ¶¶ 50 and 56 (emphasis added).) As such, despite Plaintiff switching the name of the benefits, based on the entire context of the complaint, in addition to the previous two complaints, it is clear that those "benefits" relate to payment of and interpretation of Defendant's ERISA governed plan.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-00262 RS)      6.      DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

As noted above, further evidence that Plantiff is still seeking to recover damages for Defendant's alleged interference with his ability to timely collect his LTD benefits is the fact that the retaliation claim in the SAC is premised upon the discrimination charge Plaintiff filed with the EEOC in late 2004, which charge addresses *nothing but* Defendant's alleged interference with Plaintiff's ability to obtain the full benefits to which he believed he was entitled under the LTD plan, (*See* EEOC Charge, attached hereto as Exhibit A.)

### 2. Plaintiff's Claims Are Completely Preempted By ERISA.

An artfully pleaded state law claim may be "recharacterized" as a federal claim by the district court to which it is removed based upon the "complete preemption" doctrine, which recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co . v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987). The "complete preemption" doctrine provides that the preemptive force of certain federal statutes (such as ERISA) is so powerful that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30 (1987). In other words, the preemptive force of the statute is such that it leaves no room for, and displaces, any state law cause of action, leaving room only for a federal claim, and "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered from its inception, a federal claim, and therefore arises under federal law." *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).

The U.S. Supreme Court has expressly found the "complete preemption" doctrine applicable to ERISA benefit actions. In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987), the Court held that suits to recover benefits or enforce benefit rights under an ERISA plan "are to be regarded as arising under the laws of the United States in similar manner to those brought under section 301 of the Labor Management Relations Act of 1947" ( *Id* ., 481 U.S. at 65-66, 101 S.Ct. at 1548). Specifically, the Court concluded:

> Congress has clearly manifested an intent to make causes of action with the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to

> federal court. Since we have found [the plaintiff's] cause of action to be within the scope of § 502(a)... this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of congress. It therefore, "arises[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

(*Id.*, 481 U.S. at 66-67, 107 S.Ct. at 1548; *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-209, 124 S.Ct. 2488, 2495-2496 (2004).)

This Court's June 11, 2007 order held Cisco's long term disability benefits plan was governed by ERISA and denied Plaintiff's first Motion to Remand. (June 11, 2007 Order, pg. 5:7-8, 6:1-6.) As the Ninth Circuit has recognized, ERISA "completely preempts" a state-law claim "when it both (1) preempts the claim under 29 U.S.C. § 1144(a), and (2) displaces the claim with its civil enforcement provision, 29 U.S.C. § 1132(a)." *Buster v. Greisen*, 104 F.3d 1186, 1188 (9th Cir. 1997) (citing *Metropolitan Life Ins. Co. v. Taylor*, *supra*). Both requirements are met in this case.

### a. ERISA Section 514(a) Preempts State-Law Claims Seeking Damages For An Alleged Wrongful Denial of ERISA Plan Benefits.

Section 514(a) of ERISA, 29 U.S.C. § 1144(a) the ERISA statute on state law. It provides that "this chapter [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan... ." A state law "relates to" a benefit plan if it has "a connection with or reference to" the plan. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388 (1985).

Here, in the guise of state-law FEHA, breach of contract and breach of implied covenant claims, Plaintiff asserts that while he was a Cisco employee on a medical leave of absence Defendant "engaged in a pattern of denying, and/or exercising influence to ensure denials of, *employment* benefits...." (SAC, ¶ 12 [emphasis added].) More specifically, Plaintiff alleges that Defendant "caus[ed] extended delays in the processing of such benefits..." (*Id.*) Plaintiff's one newly added cause of action for national origin and religious discrimination does nothing to change the fact that his complaint is ultimately alleging that Cisco denied and interfered with the payment of his Long Term Disability benefits.[4] Thus, it is clear that Plaintiff's claims "relate to" the

---

[4] For example, in his Seventh Cause of Action for Breach of Contract, Plaintiff alleges that Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

administration of an ERISA plan and are therefore preempted. *See, e.g., Pilot Life Ins., Co. v. Dedeaux*, 481 U.S. 31, 107 S.Ct. 1549 (1987).

In *Pilot Life Ins., Co., supra,* the plaintiff brought state common-law tort and breach of contract claims alleging a mishandling and wrongful denial of his long-term disability benefits under a benefit plan established by his employer. In finding those state law claims to be preempted by ERISA the Supreme Court declared:

> There is no dispute that the common law causes of action asserted in Dedeaux's complaint "relate to" an employee benefit plan and therefore fall under ERISA express pre-emption clause, § 514(a). ... The common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a).

(*Id.*, 481 U.S at 47-48, 107 S.Ct. at 1553.)

Thus, the first prong of the "complete preemption" test under ERISA, namely Section 514(a)'s preemption of Plaintiff's state-law claims alleging a wrongful denial of his request for disability plan benefits under an ERISA plan, is clearly met in this case.

### b. Plaintiff's Claims Seeking Damages For The Denial Of Long Term Disability Benefits Fall Within ERISA's Civil Enforcement Provision

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth the statute's civil enforcement provisions. Section 502(a) provides in pertinent part:

> A civil action may be brought –
>
> 1. by a participant or beneficiary –
>
> ... (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

---

"promised Plaintiff would be paid the value of his employment benefits without delay and in full," and that Defendant breached its contractual agreements by "failing to ensure [Plaintiff] was paid the value of his benefits...." (Complaint, ¶¶ 49-50.) Likewise, in his Eighth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing, Plaintiff alleges that Defendant "acted in bad faith by...interfering with the swift and final payment of benefits to Plaintiff from his Short Term Disability and Long Term Disability insurance plans." (Complaint, ¶ 56.) As noted above, Plaintiff's First Amended Complaint more specifically identified the employment benefits at issue as Long-Term Disability benefits.

(CASE NO. C07-00262 RS)  9.  DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

(29 U.S.C. §1132(a)(1)(B).) It is well established that an action by a plan participant alleging a wrongful denial of disability benefits under an ERISA plan clearly falls within the civil enforcement provision found in ERISA Section 502(a)(1)(B). *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376 (6th Cir. 1996) (case properly removed where participant's action for improper denial of long term disability benefits provided under employer plan stated a claim under 502(a)(1)(B)); *Cargile v. Confederation Life Ins. Group Plans*, 748 F.Supp. 874, 875 (N.D. Ga. 1990) (employee's action against employer and plan administrator for failure to pay long term disability benefits is an ERISA action).

Here, Plaintiff's SAC still seeks damages based on Defendant's alleged interference with his ability to collect disability benefits under an ERISA benefit plan which is clearly a claim brought by a plan participant "to recover benefits due [him] under the terms of the plan [or] to enforce [his] rights under the terms of the plan." As such, despite the state law labels and allegation that the complaint should be remanded, his claims still constitute an action within the scope of ERISA Section 502(a)(1)(B). *See, e.g., Russell v. Massachusetts Mutual Life Ins. Co.,* 722 F.2d 482, 487-488 (9th Cir. 1982) (holding that the plaintiff's state law causes of action based on the defendant's processing of her disability claim under an ERISA regulated benefit plan were preempted by ERISA), *rev'd on other grounds,* 473 U.S. 134, 138, 105 S.Ct. 3085, 3088, n. 4 (1985). This Court has subject matter jurisdiction over the ERISA claims in Plaintiff's Second Amended Complaint, despite Plaintiff's clear attempt to simply re-name the benefits sought in order to avoid such a result.

## IV.   CONCLUSION

Plaintiff cannot artfully plead his way out of federal jurisdiction by simply substituting the word "employment benefits" for the term "LTD benefits" in his complaint. When the substance of Plaintiff's allegations are taken as a whole, it is apparent that he is, in fact, attempting to recover for Defendant's alleged interference with his right to timely collect his LTD benefits. The allegations contained in Plaintiff's First Amended Complaint are relevant to this determination – as are the allegations in the EEOC Charge of Discrimination that forms the basis of Plaintiff's retaliation claim. The totality of the circumstances here indicate that – at a minimum – Plaintiff's Second,

Seventh and Eighth Causes of Action are preempted by ERISA. Accordingly, his motion for remand should be denied in its entirety.

Dated: May 2, 2007

*[signature: Marlene Muraco]*

MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CISCO SYSTEMS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-00262 RS)    11.    DEFENDANT'S MPA ISO OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>377-2005-00112 |
|---|---|---|

California Department Of Fair Employment & Housing ____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>**Mr. Rehan Sheikh** | Home Phone No. (Incl Area Code)<br>**(408) 241-0222** | Date of Birth<br>**01-09-1969** |
|---|---|---|
| Street Address<br>**902 Tamarack Lane, # 2** | City, State and ZIP Code<br>**Sunnyvale, CA 94086** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**CISCO SYSTEMS, INC.** | No. Employees, Members<br>**Unknown** | Phone No. (Include Area Code)<br>**(408) 853-2918** |
|---|---|---|
| Street Address<br>**3700 Cisco Way, Bldg. 16,** | City, State and ZIP Code<br>**San Jose, CA 95134** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **01-22-2004**     Latest: **09-24-2004**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am currently employed with the above named employer and have been since September 25, 2000. My job classification is a Software Engineer III.

I filed a charge of discrimination with EEOC (Charge No. 377-2003-00868) and since then I have been retaliated against by Respondent. My disability insurance company have been copying Respondent with each correspondence with me, which was never done prior to my filing a discrimination charge against Respondent. Respondent and the disability insurance company also demanded that I provide additional medical information regarding my disability. Prior to filing charge of discrimination, the insurance company directly contacted my treating physicians to receive medical information regarding my disability. On or around January 22, 2004, I was denied Short Term Disability (STD) and on or around January 26, 2004, I was denied Long Term Disability (LTD) from Respondent. At the same time, Respondent requested "proof of my disability." I supplied all the medical information as requested from Respondent and medical insurance. However, my STD and LTD were terminated. I appealed the termination and it was reversed. On or around July 25, 2004, I complained in writing to Respondent about the matter and stated that I felt I was being retaliated against because I previously filed a discrimination charge with EEOC, and which is protected by the California Fair Employment and Housing Act, California Gov. Code Section 12940 et seq. In that letter, I also reminded respondent that it has not signed and returned employee copy of form DWC-1 for workers compensation benefits.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X 12/6/04  X *(signature)*<br>Date         Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

RECEIVED
DEC - 6 2004
EEOC-SJLO

EEOC Form 5 (5/01)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 377-2005-00112 |

**California Department Of Fair Employment & Housing** _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(Continued from previous page)*:

I informed Respondent in that letter that Respondent "is withholding disability and worker's compensation benefits in retaliation for my complaint of discrimination." Respondent has not yet responded. On or around October 12, 2004, I complained in writing to Respondent that I have not yet received my disability benefits and included a copy of the reversed decision. However, Respondent did not respond.

On August 5, 2004, I complained in writing to Respondent and the medical health insurance company that I was receiving lower reimbursement rates for my physician and psychotherapist visits, and was denied some reimbursements in violation of the terms given in the Summary Plan Description (SPD). On August 16, 2004, my psychiatrist also addressed a letter to the medical health insurance company concerning my reimbursements. However, I have not yet received a response from the medical health insurance company and the Respondent.

I can only conclude that I am being retaliated against by Respondent due to my recent complaint of retaliation coupled with filing a charge of discrimination with EEOC and DFEH, in violation of my rights as protected by the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Right Act of 1964, as amended.

RECEIVED

DEC - 6 2004

EEOC-SJLO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X  12/6/2004    X  [signature]<br>   Date            Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |