*E-filed on* 5/19/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REHAN SHEIKH,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. C-07-00262 RMW<br><br>ORDER RE: PLAINTIFF'S "2nd REQUEST FOR ACCOMMODATION FOR INDIVIDUALS WITH DISABILITIES"; ORDER CONTINUING HEARING ON CISCO'S MOTION TO COMPEL ARBITRATION<br><br>**[Docket No. 50**] |

    On April 8, 2008, the court issued an order setting a briefing schedule on plaintiff's second motion to remand this action to state court. Because plaintiff had not set a hearing date for his motion to remand, the court set the briefing schedule and hearing date to coincide with that of a motion to compel arbitration subsequently filed by defendant Cisco Systems. Both plaintiff's motion to remand and defendant's motion to compel are currently set for hearing on May 23, 2008 at 9:00 a.m.

ORDER RE: PLAINTIFF'S "2nd REQUEST FOR ACCOMMODATION FOR INDIVIDUALS WITH DISABILITIES"; ORDER CONTINUING HEARING ON CISCO'S MOTION TO COMPEL ARBITRATION—No. C-07-00262 RMW
MAG

On April 21, 2008, plaintiff filed a document titled "2nd Request for Accommodation for Individuals with Disabilities." *See* Docket No. 50. In it, he asks: (1) that the court schedule a hearing on his motion to remand; (2) that he be given permission to attend court via telephone; (3) that his motion to remand be heard before defendant's motion to compel arbitration and that he be granted 45 days after the court's ruling on his motion to remand to oppose defendant's motion to compel arbitration, should such an opposition be necessary; (4) that the court consider for purposes of the motion to remand exhibits previously submitted by plaintiff in support of his other motions, particularly a letter from Unum Provident indicating that plaintiff's long term disability benefits have been paid; (5) for help with procedural questions such as how to schedule a hearing (specifically asking for permission to ask the court's clerk questions via phone or email); and (6) that the court appoint counsel to assist him. Plaintiff's request also indicates that he intends to file a motion for sanctions and "extra costs that plaintiff incurred" against defendant "for non-compliance of court order to confer" and because "there is no valid justification for defense to bring a motion to compel binding arbitration at this time." Defendant filed a declaration opposing plaintiff's requests. *See* Docket No. 55.

The court has scheduled a hearing on plaintiff's remand – May 23, 2008 at 9:00 a.m. – therefore, plaintiff's request (1) above is moot.

With regard to request (2), plaintiff is hereby given permission to attend the May 23, 2008 hearing by telephone. The courtroom deputy will call his phone number, (209) 982-9039, on Friday May 23, 2008, sometime between 9:00 and 11:00 a.m. Plaintiff should await the court's call. Failure to answer the phone may result in a failure to appear at the hearing. If plaintiff would like to be contacted at a different number, he must inform the court's Courtroom Deputy, Jackie Garcia, at (408) 535-5375.

Defendant opposes plaintiff's request (3) for additional time. Defendant asserts that for economy's sake, plaintiff's motion to remand and defendant's motion to compel arbitration should be heard together as the court intended by issuing its April 8, 2008 Order. Further, defendant's counsel's declaration states that while plaintiff indicated to defendant's counsel that he was too unwell to respond to defendant's motion to compel arbitration, he had meanwhile accelerated the

1   prosecution of his worker's compensation claim before the Workers' Compensation Appeals Board.
2   Declaration of Marlene Muraco ("Muraco Decl.") ¶ 6.  Defendant also points out that giving plaintiff
3   45 days past the time the court rules on the motion to remand would give plaintiff over 3 months to
4   oppose the motion to compel arbitration.  While the court understands defendant's desire to keep this
5   case moving forward, it is also cognizant of the fact that plaintiff is proceeding *pro se* and that the
6   resolution of his motion to remand may make opposing defendant's motion to compel arbitration
7   unnecessary.  Accordingly, the court will grant plaintiff's request in part.  The court hereby
8   continues the briefing schedule and hearing for defendant's motion to compel arbitration to give
9   plaintiff thirty (30) days after the court's ruling on plaintiff's motion to remand to respond.  The court
10  will set the briefing and hearing schedule in its order on plaintiff's motion.

11       Although defendant generally opposes request (4) above that the court consider documents
12  plaintiff has previously submitted in support of his prior motion to remand, defendant does not
13  oppose plaintiff's request to consider the Unum letter.  The court will grant plaintiff's request (4) and
14  will consider the documents he has previously submitted.

15       Plaintiff's requests (5) and (6) ask the court to provide varying levels of help to plaintiff with
16  regard to pursuing his claims.  As plaintiff is well aware, the court is not permitted to provide
17  plaintiff with legal advice either by telephone or by email.  Nor does it have resources to provide the
18  type of procedural assistance he requests even to the extent that such advice would not otherwise be
19  legal advice.  The court has compiled a handbook for *pro se* litigants to help unrepresented parties
20  with proceeding in federal court.  This handbook is available from the court's website at
21  http://www.cand.uscourts.gov/ by clicking on the "Pro Se Handbook" link under the "COURT
22  INFORMATION" heading at the right side of the screen.[1]  Further, the court declines to appoint
23  counsel in this matter.  Plaintiff may renew his request following the court's ruling on his motion to
24  remand.  Accordingly, the court denies plaintiff's requests (5) and (6) above.

---

27  [1] The link appears to be:
28  http://www.cand.uscourts.gov/CAND/FAQ.nsf/60126b66e42d004888256d4e007bce29/14de5a2dfcdaa08c88256ebc0054574f?OpenDocument

ORDER RE: PLAINTIFF'S "2nd REQUEST FOR ACCOMMODATION FOR INDIVIDUALS WITH DISABILITIES"; ORDER CONTINUING HEARING ON CISCO'S MOTION TO COMPEL ARBITRATION—No. C-07-00262 RMW MAG                                                            3

Finally, while plaintiff seems to indicate that he intends to seek sanctions against defendant's counsel "for non-compliance of court order to confer" and for bringing the motion to compel arbitration, the court cautions that plaintiff should be sure he has a reasonable basis for bringing such motions. If there is no order specifically directing defendant's counsel to confer with plaintiff, it is highly unlikely that sanctions will be awarded. Further, it appears defendant brought its motion to compel arbitration with at least a reasonable belief that the dispute between the parties is subject to arbitration under plaintiff's employment agreements with Cisco, therefore, plaintiff should be certain that he has a basis for requesting sanctions. Bringing frivolous motions can result in plaintiff being sanctioned himself.

**ORDER**

For the forgoing reasons:

- Plaintiff's request (1) is denied as moot. The court has already scheduled a hearing on his motion to remand to state court. The hearing will be held on Friday, May 23, 2008 at 9:00.

- Plaintiff's request (2) is granted. The courtroom deputy will call his phone number, (209) 982-9039, on Friday, May 23, 2008, sometime between 9:00 and 11:00 a.m. To be contacted at a different number, plaintiff must inform the court's Courtroom Deputy, Jackie Garcia, by calling (408) 535-5375.

- Plaintiff's request (3) is granted in part. The briefing schedule and hearing for defendant's motion to compel arbitration will be continued to give plaintiff thirty (30) days after the court's ruling on plaintiff's motion to remand to respond. The court will set the briefing and hearing schedule in its order on plaintiff's motion to remand.

- Plaintiff's request (4) is granted. The court will consider in support of his second motion to remand the documents that plaintiff previously submitted in support of his prior motion to remand and his motion for reconsideration.

- Plaintiff's request (5) is denied. Plaintiff is directed to the Handbook for Litigants Without A Lawyer, located on the court's home page at http://www.cand.uscourts.gov/.

- Plaintiff's request (6) is denied without prejudice. The court will not appoint counsel for plaintiff.

DATED: 5/18/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on** _____5/19/08_____ **to:**

**Plaintiff:**
Rehan Sheikh
PO Box 869
French Camp, CA 95231-0869
*PRO SE*

**Notice of this document has been electronically sent to:**

**Plaintiff**
Rehan Ayyub Sheikh                rehansheikh@yahoo.com

**Counsel for Defendants:**
Marlene S. Muraco                 mmuraco@littler.com
Erica H. Kelley                   ehermatz@littler.com

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

ORDER RE: PLAINTIFF'S "2nd REQUEST FOR ACCOMMODATION FOR INDIVIDUALS WITH DISABILITIES"; ORDER CONTINUING HEARING ON CISCO'S MOTION TO COMPEL ARBITRATION—No. C-07-00262 RMW
MAG                                     6