1

2

3    *E-filed on*:   8/13/08

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10

11   REHAN SHEIKH                          No. C-07-00262 RMW

12              Plaintiff,

13        v.                              ORDER DENYING PLAINTIFF'S SECOND
                                          MOTION TO REMAND ACTION TO STATE
14   CISCO SYSTEMS, INC.,                 COURT
     RODRIGUEZ AND DOES 1-20
15
                Defendants.
16

17

18

19        Defendant Cisco Systems, Inc. ("Cisco") had previously successfully removed the action to

20   this court on the grounds that the Employee Retirement Income Security Act ("ERISA") completely

21   preempted plaintiff's claims relating to the administration of his benefits under Cisco's benefit plans.

22   Plaintiff Rehan Sheikh ("Sheikh") amended his complaint with the court's permission and now

23   moves for a second time to remand this action to state court, asserting that his complaint no longer

24   so much as mentions any benefit that is governed under ERISA.  He also asks the court for an award

25   of fees and costs as a sanction for Cisco's having removed the case to federal court in the first place.

26   Cisco opposes the motion.

27        The court has read plaintiff's moving papers filed February 21, 2008, Docket No. 43;

28   defendant's opposition filed pursuant to the court's order on May 2, 2008, Docket No. 54; plaintiff's

1   65-page reply filed July 10, 2008 titled "Rehan's [Plaintiff] Memorandum of Points and Authorities

2   in Support of Second Motion of Remand," Docket No. 65 ("Reply"); and the 17-page document

3   titled "Rehan's [Plaintiff] Provisional Reply Brief for Second Motion for Remand" that was filed the

4   morning of the hearing on this matter, Docket No. 68 ("Provisional Reply").  The court has also

5   reviewed the documents that plaintiff has submitted to date in this case and considered the

6   presentations and responses to the court's questions made by plaintiff and defendant's counsel at the

7   July 18, 2008 hearing on the matter.[1]  For the reasons stated below, the court denies plaintiff's

8   second motion to remand this action to state court and declines to award attorney's fees and costs.

9                                        **I. BACKGROUND**

10        Sheikh began working for defendant Cisco Systems as a software engineer in September

11   2000.  Second Am. Compl. ("SAC") ¶ 7.  Sheikh performed satisfactorily during his employment at

12   Cisco.  *Id*.  In April 2003, Sheikh went on extended medical leave.  *Id*. ¶ 9.  In September 2003, he

13   filed a complaint of discrimination under the Fair Employment & Housing Act ("FEHA") with the

14   California Department of Fair Employment & Housing ("DFEH").  *Id*. ¶ 10.

15        On May 16, 2006, Sheikh filed his original complaint in state court, Superior Court of

16   California, County of Santa Clara.  *See* Notice of Removal, Ex. A.  In his original complaint, Sheikh

17   alleged that because he had filed a discrimination complaint, Cisco engaged in a "pattern of denying,

18   and/or exercising influence to ensure denials of, both Short Term Disability (STD) benefits and

19   Long Term Disability (LTD) benefits to Sheikh."  Compl. ¶ 11.  Sheikh also alleged that Magellan

20   Health, the insurance company that handles Cisco's benefit plans, failed to properly pay his benefits

21   for mental health treatment, resulting in a loss of over $15,000 in benefit payments.  *Id*. ¶ 14.

22   Plaintiff further alleged violations of FEHA; breach of Cisco's contract to pay STD and LTD

23   benefits and breach of the covenant of good faith and fair dealing.  *Id*. ¶¶ 20-34.

24

25   _____

26        [1]     On July 21, 2008, plaintiff filed a letter that, among other things, seems to suggest
     that the court has not yet held a hearing on his motion for remand because the hearing was "not more
27   than approximately eleven minutes and plaintiff is not sure if was fully able to explain his position
     verbally due to time constraints."  July 21, 2008 Letter, Docket No. 69.  The court assures plaintiff
28   that it has conducted a hearing on his motion to remand and does not require plaintiff to provide
     further information on the matter.

1      Cisco removed the action to federal court on the basis that plaintiff's claims for benefits are

2  preempted by ERISA.  Plaintiff previously moved to remand on the ground that his original

3  complaint alleged only state claims, but his motion was denied.  The court found that Sheikh's

4  complaint included some claims preempted by ERISA because they "revolve[d] around allegations

5  of Cisco's handling of benefits claims."  June 11, 2007 Order Denying Plaintiff's Motion to Remand

6  to State Court, Docket No. 28 at 4.

7      Plaintiff moved for reconsideration, which the court denied.  In its order denying

8  reconsideration, however, the court permitted plaintiff to file a second amended complaint in order

9  to clarify, if possible, that none of his claims are preempted by ERISA.  August 10, 2007 Order

10  Denying Motion for Leave to File a Motion for Reconsideration at 3.  Thereafter, plaintiff filed a

11  second amended complaint and, on February 14, 2008, moved a second time for remand.  He did

12  not, however, set the matter for hearing so defendant did not respond to the motion.  When the court

13  became aware of plaintiff's motion, it set a briefing schedule and hearing date.

14      In his second amended complaint, plaintiff has amended his allegations to remove references

15  to short and long term disability benefits, now alleging, for example, that "CISCO engaged in a

16  pattern of denying, and/or exercising influence to ensure denials of, employment benefits, causing

17  extended delays in the processing of such benefits."  SAC ¶ 12.  He alleges that defendant breached

18  employment agreements by "failing to ensure he was paid the value of his benefits, failing to ensure

19  cooperation with the insurance companies to have benefits paid, and by violating its own

20  descriptions of such benefits."  *Id.* ¶ 50.  As in his complaint, plaintiff seeks compensatory damages

21  including "past and future lost wages, lost benefits, bonuses, fringe benefits, mental and emotional

22  distress and other special and general damages in the amount of at least $100,000.00".  SAC at 11.

23  Plaintiff also requests punitive damages, an award of interest including prejudgment interest, costs

24  of the suit, and attorney's fees.  *Id.*

25                      **II.  ANALYSIS**

26      As before, plaintiff argues that remand to state court is proper because he has alleged only

27  state claims.  Defendant argues that Sheikh's amendments do not alter the court's prior conclusion

28

1  that Sheikh is making claims preempted by ERISA and that Sheikh cannot turn ERISA claims into

2  state claims merely by removing references to "LTD benefits" and substituting "employment

3  benefits."

4       As defendants point out, in order to determine whether plaintiff is engaging in artful

5  pleading,[2] the court is permitted to examine the entire record. *Tortola Restaurants v. Kimberly-*

6  *Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (Illston, J.).  In this case, the entire record

7  includes not only the complaints plaintiff has filed in this action but argument and exhibits submitted

8  in his reply and provisional reply.[3]

9       Complete preemption of a claim creates federal removal jurisdiction because a completely

10  preempted claim is recharacterized as arising under ERISA. *Metropolitan Life Ins. Co. v. Taylor*,

11  481 U.S. 58, 66 (1987).  The court would then have supplemental jurisdiction over any remaining

12  state claims that are not completely preempted.  28 U.S.C. § 1367.  ERISA completely preempts a

13  state law claim when only when it both preempts the claim under 29 U.S.C. § 1144(a) and displaces

14  the claim with its civil enforcement provision, 29 U.S.C. § 1132(a).  *Buster v. Greisen*, 104 F.3d

15  1186, 1188 (9th Cir. 1991).  Under the complete preemption doctrine, "[o]nce an area of state law

16  has been completely pre-empted, any claim purportedly based on that pre-empted state law is

17  considered from its inception, a federal claim, and therefore arises under federal law." *Milne*

18  *Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).

19      **A.**    **ERISA Preemption**

20       Section 514(a) of ERISA provides that ERISA provisions supersede state laws that "relate

21

22 _____

23      [2]     In his papers, plaintiff appears to take offense to the court's use of the term "artful pleading."  The court assures plaintiff that this phrase is a term of art referring to the inclusion of federal claims within a complaint that seems to only set forth state claims.  The use of the term is not meant to imply that plaintiff has wrongfully engaged in conduct meant to deceive the court.

25      [3]     Although plaintiff continues to insist that he should be exempt from page limits and other rules of this court as an accommodation for his disability, he must nonetheless seek relief from the court to deviate from the rules, for example, with respect to page limits.  *Pro se* plaintiffs, like all other litigants before this court, are subject to the Federal Rules of Civil Procedure and to applicable local rules.  *See* N.D. Cal. L.R. 3-9(a).  Local Rule 7-2 sets forth the page limits for the motion (25 pages), opposition (25 pages) and reply (15 pages) as well as the time limits for filing each. Litigants must seek an order modifying these page lengths and time limits.

1   to" employee benefit plans that are described in 29 U.S.C. § 1003(a)[4] and not exempt under 29

2   U.S.C. § 1003(b).  29 U.S.C. §1144(a).  As before, Cisco contends that Sheikh's allegations of

3   extended delays in the provision of his benefits are claims that "relate to" the administration of an

4   ERISA plan, even though Sheikh frames the conduct as part of his claims for discrimination,

5   retaliation and breach of contract.

6       "A law 'relate[s] to' a covered employee benefit plan for purposes of § 514(a) if it [1] has a

7   connection with or [2] reference to such a plan."  *Golden Gate Rest. Ass'n v. City of San Francisco*,

8   512 F.3d 1112, 1120 (9th Cir. 2008).  "'[T]o determine whether a state law has the forbidden

9   connection' with ERISA plans, we 'look both to the objectives of the ERISA statute as a guide to the

10  scope of the state law that Congress understood would survive, as well as to the nature of the effect

11  of the state law on ERISA plans.'" *Id.* at 1120 (citing *Cal. Div. of Labor Standards Enforcement v.*

12  *Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997)).  "To determine whether a law has a

13  forbidden 'reference to' ERISA plans, we ask whether (1) the law 'acts immediately and exclusively

14  upon ERISA plans,' or (2) 'the existence of ERISA plans is essential to the law's operation.'" *Id.* at

15  1123 (citing *Dillingham*, 519 U.S. at 325).

16      Here, plaintiff's claims seventh and eighth claims still appear to be preempted in spite of his

17  amendments.[5]  The court previously cited to *Clorox Co. v. United States Dist. Court*, 779 F.2d 517,

18  521 (9th Cir. 1985), for the proposition that ERISA preempts claims that arise out of the

19  administration of a covered plan where a plaintiff claims that the employer wrongfully and

20  maliciously denied employment benefits.  In that case, the Ninth Circuit found that plaintiff's claim

21  _____

22      [4]    "The terms 'employee benefit plan' and 'welfare plan' mean any plan, fund, or
    program . . . maintained for the purpose of providing for its participants or their beneficiaries,
23  through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or
    benefits in the event of sickness, accident, disability, death or unemployment . . . ."  29 U.S.C. §
24  1002.  Long term disability plans are employee benefit plans governed by ERISA. *Atkin v. Standard*
    *Ins. Co.*, 1996 WL 88814, *6 n.2 (N.D. Cal. 1996).  As before, Sheikh does not dispute that Cisco's
25  long term disability plans qualify as employee benefit plans governed by ERISA.

26      [5]    Plaintiff's first cause of action for national origin and religion discrimination and his
    second cause of action for retaliation also state that "as a proximate cause [of Cisco's alleged
27  discriminatory and retaliatory actions] Plaintiff has suffered harm, including lost earnings and other
    employment benefits, humiliation, embarrassment, physical harm, and mental and emotional
28  distress." SAC ¶¶ 20, 25.

1   that Clorox wrongfully and maliciously denied her employment benefits was in effect a "denial of

2   benefits" claim of the type preempted by ERISA.  The rationale behind finding that the claim was

3   preempted was that the availability and distribution of benefits under an ERISA plan were at issue.

4        In this case, based on the second amended complaint, the court's conclusion that some of

5   Sheikh's claims revolve around allegations of Cisco's handling of benefits claims has not changed.

6   As before, Sheikh refers to "benefits" several times in his complaint, and even after his amendments

7   he asserts that Cisco is liable for its actions in the administration or provision of benefits under the

8   ERISA statute.

9        Plaintiff's amended complaint and the arguments set forth in his Reply and Provisional Reply

10   briefing purport to clarify that issues regarding the provision of his short and long term disability

11   benefits have been separately resolved.  *See, e.g.*, Reply at 28.  Nevertheless, Sheikh's allegations

12   still assert that his benefits pursuant to an ERISA plan were not processed in a timely manner and

13   were not paid as expected.  *See* Reply at 61 ("The plaintiff signed an agreement with Cisco (via its

14   agent UNUM, Exhibit A, Docket 34-2) in February 2005 to resolve the ERISA benefits claim via

15   neutral claim administrators.  The plaintiff stood by its obligation and waited for about two and a

16   half years before the Cisco/UNUM actually cared to review the plaintiff's ERISA plan benefits that

17   resulted in payment of benefits to plaintiff.").  Furthermore, Sheikh continues to base his breach of

18   contract claim on "certain oral and written agreements regarding benefits he would receive from

19   Defendant" that "plaintiff would be paid the value of his employment benefits without delay and in

20   full."  SAC ¶¶ 48-49.

21        Although the court suggested in its Order Denying Motion for Leave to File a Motion for

22   Reconsideration and Granting Leave to File an Amended Complaint, Docket No. 36, that plaintiff

23   might be able to amend his complaint to demonstrate that some of his claims were not preempted by

24   ERISA, plaintiff has not successfully done so.  There may be no ERISA preemption where a

25   plaintiff only seeks to recover lost salary and benefits, however, where it is clear, as here, that the

26   loss claimed is the result of the administration (or interference therewith) of a plan covered by

27   ERISA, the claim is preempted.  *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1404

28

(9th Cir. 1988) (distinguishing its facts wherein no ERISA plan was implicated even though benefits were sought, from the preempted claims in *Clorox*, 779 F.2d at 521, wherein the claims were that the employer wrongfully denied employment benefits).

**B.      Displacement by the ERISA Civil Enforcement Provision**

The second requirement to establish preemption is that ERISA's civil enforcement provision must displace the state law claim.  Section § 1132(a)(1)(b) provides:

> A civil action may be brought--
> (1) by a participant or beneficiary--
>
> ***
>
> (B) to recover benefits due to him under the terms of his plan, to
> enforce his rights under the terms of the plan, or to clarify his rights
> to future benefits under the terms of the plan;

The court previously concluded that Sheikh appeared to be seeking the payment of disability benefits as one of his claims for relief.  Plaintiff now at times claims he is not seeking benefits under an ERISA plan.  *See, e.g.*, Reply at 28 (stating that he is "not claiming improper denial or any effects of the denial of LTD benefits"); *see also id.* at 47 (stating that he has "only asserted state and FEHA claims in his lawsuit after an agreement with defendant to resolve LTD claim [sic] via neutral claim examiners").  However, other portions of plaintiff's papers suggest otherwise.  For example, plaintiff states:

> As plaintiff has not asked for ERISA benefits in his original lawsuit (a well pleaded
> complaint), a defendant might be concerned about potential future liability for ERISA
> benefits.  If this court agrees to waive the court fee and the defendant agrees not to
> demand his own attorney fee(s), the plaintiff agrees to bring an additional lawsuit in
> the district court for ERISA benefits.  This is because plaintiff has not yet evaluated
> his potential claim for ERISA benefits and cannot assure if he has a colorful claim.
> This way, the court can remand the claim without any considerations.

*Id.* at 43.  The court recognizes that plaintiff likely intended for this statement to be a reassurance to the court that he does not seek recovery under ERISA in the operative complaint.  Nevertheless, this statement serves to confirm to the court that plaintiff does intend by bringing suit against Cisco to seek relief related to his ERISA benefits, whether that relief is the benefits themselves or recovery for damages related to the administration of his benefits under the LTD plan governed by ERISA.  In fact, when asked by the court at the July 25, 2008 hearing whether he intended by his complaint to

1   seek recovery based on the denial of benefits, plaintiff did not unequivocally deny that he sought

2   damages attributable to the delay or denial of his ERISA benefits.

3          In conclusion, even though plaintiff characterizes his damages as compensatory damages for

4   the alleged wrongful delay in paying benefits rather than the payment of benefits under any plan

5   governed by ERISA, he nonetheless at least seeks damages resulting from alleged interference by

6   defendant in the administration of ERISA benefits through UNUM.  Because he seeks to enforce or

7   clarify his ERISA benefits, ERISA's civil enforcement provision thus displaces his state law claim.

8   Accordingly, because the court has found that plaintiff has asserted a federal claim, it denies

9   plaintiff's motion to remand to state court.

10          **C.     Costs and Actual Expenses**

11          Because the court finds that is has subject matter jurisdiction over the instant action,

12   plaintiff's request for costs and expenses is denied.

13          **D.     Motion to Compel Arbitration**

14          In its April 4, 2008 Order Setting Briefing Schedule for Plaintiff's Second Motion for

15   Remand, Docket No. 49, the court set a briefing schedule for defendant's motion to compel

16   arbitration along with the motion to remand.  The court subsequently received a request for

17   accommodation from plaintiff, wherein plaintiff asked the court to delay the briefing and hearing on

18   defendant's motion to compel arbitration until after the court's determination of plaintiff's motion to

19   remand.  In its May 18, 2008 order on the matter, the court stated that "[t]he briefing schedule and

20   hearing for defendant's motion to compel arbitration will be continued to give plaintiff thirty (30)

21   days after the court's ruling on plaintiff's motion to remand to respond."  Docket No. 58 at 4.

22   Pursuant to that order, the court sets the briefing schedule and hearing on defendant's motion to

23   compel as follows:

24   •       Plaintiff's opposition to defendant's motion to compel arbitration is due by September 12,

25           2008.  Unless otherwise ordered by the court, plaintiff's opposition shall be limited to no

26           more than 25 pages.  Plaintiff is cautioned that violation of the 25-page limit may result in

27           sanctions.

28

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT—No. C-07-00262 RMW
MAG                                                      8

1 • Defendant's reply in support of its motion to compel arbitration is due by September 19,

2 2008.  Unless otherwise ordered by the court, defendant's reply is limited to no more than 15

3 pages.

4 • The parties are to appear in courtroom #6, 4th floor of the U.S. Courthouse, 280 S. First

5 Street, San Jose, California at 9:00 a.m. on Friday, October 3, 2008.  To request to appear

6 telephonically, the parties should contact the Courtroom Deputy at (408) 535-5375.

7 ### III.  ORDER

8 For the foregoing reasons, the court denies plaintiff's motion to remand the action to the

9 Superior Court of California, County of Santa Clara.  Plaintiff's request for attorney's fees and costs

10 is denied.  The parties shall appear as set forth above on Friday, October 3, 2008 at 9:00 for a

11 hearing on defendant's motion to compel arbitration.

12

13

14 DATED:      8/13/08

*Ronald M Whyte*

15 RONALD M. WHYTE
United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Notice of this document has been electronically sent to:**

2   **Counsel for Plaintiff:**

3   Rehan Ayyub Sheikh            rehansheikh@yahoo.com

4
    **Notice of this document has been electronically sent to:**

5   **Counsel for Defendant(s):**

6
    Marlene S. Muraco            mmuraco@littler.com
7   Erica H. Kelley              ehermatz@littler.com

8   Counsel are responsible for distributing copies of this document to co-counsel that have not registered
    for e-filing under the court's CM/ECF program.
9

10

11
    **Dated:** ___8/13/08_____          _____/s/ MAG_____
12                                                 **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28